While it is true that the Supreme Court of Texas, by its decision in *Bryant v. Continental Casualty Co.*, 182 S. W. 673, apparently reached a different conclusion, yet the weight of authority is in accordance with the rule as stated in the *Semancik* case. *Dozier v. Fidelity & Casualty Co. of New York*, 46 Fed. 446; *Herdic v. Maryland Casualty Co.*, 146 Fed. 396; *Sinclair v. Maritime Passenger Assur. Co.*, 3 Ellis & Ellis 478; *Continental Casualty Co. v. Pittman*, 145 Ga. 641, 89 S. E. 716.)

We conclude, therefore, that the court properly directed a verdict for the appellee, and the judgment is affirmed.

*Judgment affirmed.*

---

**Town of Magnolia, Appellant, v. Mark Kays, Appellee.**

**Gen. No. 6,258.    (Not to be reported in full.)**

Appeal from the County Court of Putnam county; the Hon. IRVING E. BROADDUS, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 19, 1917.

**Statement of the Case.**

Action by the Town of Magnolia, on the complaint of Amos B. Wilson, plaintiff, against Mark Kays, defendant, under the provisions of the Roads and Bridges Act of 1913, secs. 151, 155 [Cal. Ill. St. Supp. 1916, ¶¶ 10000(151), 10000(155)], to recover the penalty therein provided for the obstruction of a public road. From a judgment against Amos Wilson for costs of the action, said Wilson appeals.

GEORGE W. HUNT, for appellant.

HENRY E. JACOBS and JAMES E. TAYLOR, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. ROADS AND BRIDGES, § 7*—*when evidence insufficient to show existence of public road.* In an action under the Roads and Bridges Act of 1913, secs. 151, 155 [Cal. Ill. St. Supp. 1916, ¶¶ 10000(151), 10000(155)], to recover the penalty for obstructing a public road, record of proceedings at a meeting of the highway commissioners at which the strip in question was attempted to be set aside as a public road, and facts regarding the use of such strip considered, and *held* that the evidence failed to establish the existence of a public road.

2. ROADS AND BRIDGES, § 199*—*when no liability arises for obstruction of road.* In an action under the Roads and Bridges Act of 1913, secs. 151, 155 [Cal. Ill. St. Supp. 1916, ¶¶ 10000(151), 10000(155)], to recover the penalty for obstructing a public road, where the charge was that the defendant obstructed a "public road," *held* that if the defendant did not obstruct a public road he could not become liable, whatever private rights he might have invaded.

3. ROADS AND BRIDGES, § 25*—*when public road not established by dedication.* In an action to recover the penalty for a violation of the Roads and Bridges Act of 1913, secs. 151, 155 [Cal. Ill. St. Supp. 1916, ¶¶ 10000(151), 10000(155)], by obstructing a public road, where it appeared that certain owners had agreed between themselves as to the use of the land in question for a public private road, and the agreement was acted upon and a lane fenced out, but that the way was not used by the general public to any considerable extent, and did not have the appearance of a public road, and was at times closed at both ends by gates, *held* that there was no establishment of a public road by dedication.

4. ROADS AND BRIDGES, § 29*—*necessity of acceptance of way.* A way cannot become a public road by dedication of the owner without something being said or done by way of acceptance by the public authorities.

5. COSTS, § 77*—*when individual suing in name of town liable for on appeal.* In an action to recover the penalty provided by statute for obstructing a public road, where the action was brought in the name of a town on the complaint of a particular individual, and such individual assumed in the whole proceedings that he was the actual plaintiff and gave a bond for costs, and his appeal bond was drafted on that theory, and the finding was for the defendant and a judgment for costs was entered against such individual plaintiff, *held* that such individual was liable for costs under his costs bond.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.